# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT EVANS CURLIN, ID # 623999, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-0841-L |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A.  Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is Douglas Dretke, Director of TDCJ-CID.

### B.  Procedural History

On May 12, 1992, petitioner was convicted of attempted capital murder and sentenced to fifty years imprisonment in Cause No. F-92-57697-T.[1] (Pet. Writ Habeas Corpus (Pet.) at 2); *Curlin*

---

[1] Although petitioner was also convicted of aggravated robbery and possession of cocaine, *see Curlin v. State*, 881 S.W.2d 513, 517 (Tex. App. – Dallas, 1994, no pet. h.) (identifying the state convictions as aggravated robbery and attempted capital murder, as well as an unrelated charge of possession of cocaine), he does not challenge such state convictions in this action, (*see* Pet. at 2). In addition, petitioner pled guilty to federal charges of bank robbery in violation of 18 U.S.C. § 2113; using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1); and robbery affecting commerce in violation of 18 U.S.C. § 1951(a). *See Curlin v. Cockrell*, No. 3:01-CV-0429-R, slip op. at 1-4 (N.D. Tex. July 15, 2002) (resolving a challenge to the federal convictions and sentences under 28 U.S.C. §§ 2241 and 2255).

*v. State*, 881 S.W.2d 513, 514 (Tex. App. – Dallas, 1994, no pet.). On July 15, 1994, the court of appeals dismissed his consolidated appeal for lack of jurisdiction.[2] *See Curlin*, 881 S.W.2d at 517. Petitioner filed no petition for discretionary review (PDR) from that dismissal. *See e.g. Curlin v. State,* No. 05-92-1536-CR, http://www.courtstuff.com/FILES/05/92/05921536.HTM (docket sheet information generated July 13, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

In August 2001, the Texas Court of Criminal Appeals received a state petition in which petitioner sought an out-of-time appeal.[3] *See* Texas Judiciary Online, http://www.cca.courts.state. tx.us/opinions/Case.asp?FilingID=205157 (accessed Sept. 1, 2005). On October 3, 2001, the Texas Court of Criminal Appeals granted petitioner leave to pursue an out-of-time appeal. *See Curlin v. State,* No. 05-02-0318-CR, http://www.courtstuff.com/FILES/05/02/05020318.HTM (docket sheet information generated July 13, 2005) [hereinafter State Docket Sheet]. On December 10, 2002, the court of appeals dismissed the out-of-time appeal for lack of jurisdiction. *See Curlin v. State*, Nos. 05-02-0315-CR, 05-02-0316-CR, 05-02-0317-CR, 05-02-0318-CR, 2002 WL 31750173, at *1 (Tex. App. – Dallas Dec. 10, 2002). Despite an extension of time until March 10, 2003, to file a PDR, petitioner filed no such petition until March 12, 2003. *See* State Docket Sheet. The Texas Court of Criminal Appeals struck the PDR on June 4, 2003. *Id.*

In March 2003, the Texas Court of Criminal Appeals received petitioner's second state application for writ of habeas corpus. *See* Texas Judiciary Online, http://www.cca.courts.state.

---

[2] Petitioner contends that the date of this dismissal was December 10, 1992, (*see* Pet. ¶ 9), but the actual date is reflected in the official web site of the court of appeals. Furthermore, as discussed in the body of these findings, the court of appeals later granted petitioner leave to file an out-of-time appeal and dismissed such appeal on December 10, 2002.

[3] This state writ was petitioner's first state writ.

tx.us/opinions/Case.asp?FilingID=215794 (accessed Sept. 1, 2005).  On April 23, 2003, the Texas
Court of Criminal Appeals dismissed the application and returned it to petitioner for "non-com-
pliance."  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?
EventID=1920523 (accessed Sept. 1, 2005).

Petitioner filed the instant petition on April 16, 2004, when he placed it in the prison mail
system.  (Pet. at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that
prisoners file their federal pleadings when they place them in the prison mail system).  He asserts
that he involuntarily pled guilty; entered into a unenforceable or breached plea agreement; and
received erroneous information that his state and federal sentences would run concurrently; and he
was therefore denied his rights to due process and equal protection.  (Pet. at 7 and attached pages.)
He contends that had he known that his state sentence would not run concurrently to his federal
sentence imposed on July 16, 1992, he would not have pled guilty.  (*Id.*)  He further contends that
the State breached his plea agreement when his state sentence did not run concurrently with his
federal sentence.  (*Id.*)  He claims that he was told that his state sentences would run concurrently
with his federal sentences and that he would be serving his state sentences in a federal prison.  (*Id.*)
He also asserts that he was denied due process and equal protection by the dismissal of his out-of-
time appeal for lack of jurisdiction.  (*Id.* at 8 and attached pages.)

## II.  ERRORS IN STATE POST-CONVICTION PROCESSES

Petitioner alleges error in the dismissal of his out-of-time appeal.  (*See* Pet. at 8 and attached
pages.)  He argues that, because his first appeal was dismissed, it was error to dismiss his second
appeal.  (*Id.*)

3

The Court addresses this claim at the outset because the arguments raise no claim cognizable under 28 U.S.C. § 2254. The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors). Furthermore, "errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Petitioner's challenge to the state post-conviction proceeding merely attacks a proceeding that is collateral to his detention and not his detention itself. Accordingly, his claim relating to the dismissal of his out-of-time appeal entitles petitioner to no habeas relief.

## III.  STATUTE OF LIMITATIONS

Although alleged errors in the state post-conviction process are not cognizable in this action under 28 U.S.C. § 2254, petitioner's other claims are cognizable in a federal application for writ of habeas corpus. However, petitioner must timely file such claims in accordance with 28 U.S.C. § 2244(d)(1).

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

## A.   Finality of Conviction

With regard to subparagraph (A), the date petitioner's judgment of conviction became final, petitioner appealed his conviction but filed no PDR. The state judgment of conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review

5

through the filing of a PDR, *i.e.* thirty days after the appellate court rendered its judgment on August 14, 1994. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Furthermore, "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief . . . does not require a federal court to restart the running of AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). The reasoning of *Salinas* also applies when a Texas inmate has acquired the right to file an out-of-time appeal. *See id.* at 430-31 & n.7. Because petitioner pursued his request for an out-of-time appeal through the state habeas process, the granting of such out-of-time appeal does not require the restarting of the limitations period. Petitioner's relevant state judgment thus became final on August 14, 1994.

**B.  One-year Grace Period**

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

C. <u>Factual Predicate</u>

With regard to subparagraph (D), the Court determines that petitioner's cognizable claims became known or could have become known through the exercise of due diligence prior to the date petitioner's grace period expired on April 24, 1997. By that time, he would have known or should have known the factual bases for his claims of involuntary plea; unenforceable or breached plea agreement; erroneous information regarding concurrent sentences and serving his state sentences in federal prison.[4]

Because petitioner filed his petition more than one year after his grace period expired in April 1997, a literal application of § 2244(d)(1) renders petitioner's April 16, 2004 filing untimely.

## IV. STATUTORY TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). In addition, an out-of-time appeal granted to a Texas inmate acts as a post-conviction habeas application to statutorily toll the limitations period until resolution of the out-of-

---

[4] Petitioner raised similar claims in his challenge to his federal convictions, and in finding the § 2255 challenge untimely, the Court found that "petitioner would have known the factual predicate of his claims well before the enactment of the AEDPA." *See Curlin v. Cockrell*, No. 3:01-CV-0429-R, slip op. at 16 (N.D. Tex. July 15, 2002).

time appeal.  *Cf. Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004) (addressing issue in related concept of an out-of-time PDR).

By the time petitioner filed his 2001 and 2003 state petitions, the statutory limitations and grace period had already expired.  Accordingly, the statutory tolling provision does not save petitioner's April 16, 2004 federal petition.  Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

Because neither statutory nor equitable tolling saves petitioner's April 16, 2004 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice.  The claims raised therein are either barred by statute of limitations or not cognizable on federal habeas review under § 2254.

**SIGNED this 2nd day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9